Elizabeth Wolstein
Partner

212 612-0688
ewolstein@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

August 17, 2021

<u>BY ECF FILING</u>
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Preble-Rish Haiti, S.A. ("Preble-Rish") v. Republic of Haiti ("Haiti") and Bureau de Monétisation de Programmes d'Aide au Développement ("BMPAD")*, No. 21-CV-6704 (PKC)

Dear Judge Castel:

We represent non-party Banque de la République d'Haïti ("BRH"), the Haitian central bank, in the above-referenced action ("*Preble-Rish II*").  We write pursuant to Your Honor's Individual Practices, Rule 3.A, to request a pre-motion conference to address BRH's anticipated motion to intervene for the limited purpose of opposing Preble-Rish's (as defined above) continuing judgment enforcement actions against BRH's Citibank account (the "Citibank Account").  Preble-Rish's Petition (ECF Doc. No. 8) and motion (ECF Doc. No. 4) seek, among other things, an order: (a) requiring Citibank to transfer funds of BRH from the Citibank Account to an "escrow account" for Preble-Rish's benefit, and to continue the attachment of the portion of BRH's funds not transferred to the escrow account; and (b) staying the pending motions to vacate the attachment of BRH's funds in the Citibank Account in a related action, *Preble-Rish Haiti, S.A. v. Republic of Haiti and Bureau de Monétisation de Programmes d'Aide au Développement*, 21-CV-4960 (PKC) ("*Preble-Rish I*").  In particular, at a pre-motion conference, BRH proposes to discuss the possibility that BRH temporarily refrain from moving to intervene in this action pending the Court's resolution of BRH's motion to intervene and to vacate the Rule B attachment in *Preble-Rish I*, given that, should the Court grant vacatur, such an order would preclude the further enforcement against the Citibank Account that Preble-Rish seeks in this case (*Preble-Rish II*).

Should the Court nonetheless deem it necessary that BRH make its anticipated motion in *Preble-Rish II*, the motion is meritorious and should be granted.

As the Court is aware, BRH moved in *Preble-Rish I*, *inter alia*, to intervene for the limited purpose of vacating the attachment Preble-Rish improperly obtained over $29,290,086.91 of BRH's funds held in the Citibank Account.  (*Preble-Rish I*, ECF Doc. Nos. 26-28, 34).[1]

---

[1] BRH's motion will be fully briefed as of August 23, 2021.  Respondents BMPAD and Haiti also moved to vacate the attachment in *Preble-Rish I*, and their motion is already fully briefed.

Honorable P. Kevin Castel
August 17, 2021
Page 2

Through its anticipated motion in this case (*Preble-Rish II*), BRH would seek to intervene for the purpose of opposing Preble-Rish's request to move approximately $23 million of BRH's funds out of BRH's Citibank Account and into a new escrow account opened for Preble-Rish's benefit, while continuing the attachment and restraint of what would be the remaining $6 million in the Citibank Account.

**BRH Is Entitled To Intervene**

Under Fed. R. Civ. P. 24(a)(2), BRH is entitled to intervene as of right. BRH indisputably has an interest in the subject matter as the sole owner of the attached central bank funds; transferring its funds to an escrow account for Preble-Rish's benefit, or having further restraints imposed on such funds, as Preble-Rish seeks in this action, will plainly impair or impede BRH's ability to protect its interest; and Respondents will not adequately protect BRH's interest in ensuring that its erroneously frozen funds are released as soon as possible and not improperly transferred to an escrow account or further restrained. BRH also satisfies the requirements for permissive intervention under Fed. R. Civ. P. 24(b) for similar reasons.

**Preble-Rish's Ongoing Enforcement Efforts Against BRH's Citibank Account Are Devoid Of Any Factual Or Legal Basis**

On the merits, Preble-Rish's Petition and motion as relating to BRH's funds in BRH's Citibank Account should be denied. As set forth in BRH's motion to vacate in *Preble-Rish I*, (ECF No. 27, at pp. 11-18), there is no legal or factual basis for the underlying attachment, and Preble-Rish may not escalate its unlawful enforcement against BRH's funds by asking the Court to move the erroneously attached funds to a new account for Preble-Rish's benefit or place further restraints upon the remaining funds.

As set forth in BRH's pending motion to vacate in *Preble-Rish I*:

- The attachment of BRH's funds in the Citibank Account (and therefore any subsequent transfer to an escrow account or further restraint) are precluded by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 ("FSIA"), and, in particular § 1611(b)(1), because the Citibank Account belongs to BRH and is used for central banking purposes. *See, e.g., Preble-Rish I*, ECF Doc. No. 28, (Declaration of Jean Baden Dubois, dated July 22, 2021), ¶¶ 9-11; *see also Preble-Rish I*, ECF Doc. No. 25 (Declaration of Fils Aimé Ignace Saint-Fleur, dated July 14, 2021), ¶ 13.

- Equally dispositive, the Citibank Account was not eligible for attachment under Rule B (and therefore the funds cannot be subsequently transferred or further restrained) because the Citibank Account does not belong to either Haiti or BMPAD but rather to non-party BRH, which is not alleged to have any nexus to Preble-Rish's dispute with Haiti and BMPAD.

Honorable P. Kevin Castel
August 17, 2021
Page 3

- Additionally, regardless of immunity, it is well settled that funds of a central bank – like BRH – cannot be used to satisfy judgments against government defendants. *See, e.g., EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 485 (2d Cir. 2007) (because Argentinian central bank funds have remained assets of the bank, they cannot be used to satisfy a judgment against Argentina even if they were "not held for [BRCA's] own account" under Section 1611(b)(1)) (alteration in original).

- Moreover, the attachment of BRH's funds is improper because a party may attach only "property in which the defendant has an interest." (C.P.L.R. § 6211(a), made applicable under Fed. R. Civ. P. 64(a)). BRH is not a defendant and neither Haiti nor BMPAD has any interest in the Citibank Account, as set forth above.

*See also* Preble-Rish I, ECF Doc. No. 27, at 11-18.

Finally, to the extent Preble-Rish's memorandum of law (ECF Doc. No. 6, at 23-24), seeks to stay the motions to vacate the attachment in *Preble-Rish I*, the Court has already denied this relief when Preble-Rish announced by letter in *Preble-Rish I* that it would seek such a stay. (Preble-Rish I, ECF Doc. No. 48).

The issue in this case (*Preble-Rish II*) of the confirmation of the partial final arbitration award that Preble-Rish obtained against BMPAD is irrelevant to, and independent of, the propriety of the attachment of funds that belong solely to BRH. As a result, in light of the above and in an effort to avoid further burdening the Court with motion practice, BRH proposes that the Court hold a pre-motion conference or, in the alternative, direct BRH to refrain from moving to intervene in this case for the purpose of opposing Preble-Rish's further enforcement actions against BRH's Citibank Account <u>until after</u> the Court has decided BRH's motion to intervene and vacate in *Preble-Rish I* in accordance with the following schedule: within one week of the Court's decision on that motion, BRH will either (i) move to intervene for the purpose of seeking any relief that remains necessary, or (ii) inform the Court that BRH will not be making such a motion.

Respectfully submitted,

*Elizabeth Wolstein*

Elizabeth Wolstein
Cc:  All Counsel of Record (via ECF)