

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

*Phone:* (212) 885-5152
*Fax:* (917) 332-3858
*Email:* WBennett@BlankRome.com

August 18, 2021

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Preble-Rish Haiti, S.A. v. Republic of Haiti, Bureau de Monétisation de
              Programmes d'Aide au Développement
              <u>Docket No. 21-CV-6704 (PKC)</u>

Dear Judge Castel:

      We represent Preble-Rish Haiti, S.A. ("PRH") in the referenced proceeding wherein PRH seeks an order recognizing, confirming and enforcing a New York-based international arbitration panel's partial final award entered on August 6, 2021 (the "Partial Final Award") in favor of PRH and against Respondents Republic of Haiti and Bureau De Monétisation De Programmes D'aide Au Développement (collectively "BMPAD"). We likewise represent PRH in the related Rule B proceeding entitled Preble-Rish Haiti, S.A. v. Republic of Haiti and Bureau de Monétisation de Programmes d'Aide au Développement, bearing docket no. 21-CV-4960 (PKC) (the "Rule B Proceeding").

      We refer to Your Honor's Order of yesterday in the referenced matter (Dkt. #16) ruling that the motion to vacate the attachment in the Rule B Proceeding will be decided before the motion to confirm the Partial Final Award. We write to respectfully request Your Honor reconsider this ruling and follow the procedure Judge Daniels employed in *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 47-48 (S.D.N.Y. 2019) and defer the motion to vacate the attachment of funds until after the Partial Final Award is confirmed and judgment is entered.

      Upon entry of judgment on the Partial Final Award, the only issue that would remain in the Rule B Proceeding would be whether the Citibank Account, from which PRH's commercial invoices to BMPAD were paid, holds funds used by, on behalf of, or belong to BMPAD. The other issues which are the subject of the motions to vacate, *i.e.*, whether the underlying contracts are maritime (they are) and whether the funds are immune from pre-judgment attachment under FSIA (they are not), will be moot.

Honorable P. Kevin Castel
August 18, 2021
Page 2

      Moreover, and most importantly, PRH recognizes that because both matters are before Your Honor, the risk of inconsistent rulings impacting the Citibank Account is remote, but, by ruling first on the Petition to confirm the Partial Final Award, the status quo regarding the funds being held at Citibank will remain intact until all issues are resolved and neither party will suffer prejudice. In the unlikely event the funds attached are released following a vacatur of the Rule B attachment – which they should not – and it is later determined, following the entry of judgment on the Partial Final Award, that the funds were attachable property of BMPAD, PRH will suffer severe prejudice by not having the security it was awarded to recover its damages.

      Lastly, in light of the Court's Order, we will not address the substantive arguments made by non-party Banque de la République d'Haïti ("BRH") in its letter requesting a pre-motion conference except to state that PRH submitted in its opposition to BRH's motion to intervene and vacate in the Rule B Proceeding unimpeachable and contemporaneous documentary evidence which completely undermines each and every argument of BRH that the Citibank Account is used for central banking purposes.

                                 Respectfully submitted,

                                   William R. Bennett, III

cc: All counsel of record via ECF