

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

| | |
|---|---|
| *Phone:* | (212) 885-5152 |
| *Fax:* | (917) 332-3858 |
| *Email:* | WBennett@BlankRome.com |

Preble-Rish is free to file its motion under Rule 62(a).
SO ORDERED.
Dated: 9/10/2021

*P. Kevin Castel*
United States District Judge

September 9, 2021

**BY ECF**

Hon. P. Kevin Castel
United States District Court Judge
Southern District of New York
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

      Re:   Preble-Rish Haiti, S.A. v. Republic of Haiti, et al.
               Case No.: 1:21-cv-04960-PKC and 1:21-cv-06704

Dear Judge Castel,

      We represent Plaintiff Preble-Rish Haiti, S.A. ("PRH") in the referenced action and related Petition to confirm the New York arbitration award.

      We write to advise Your Honor that Garnishee Citibank N.A. violated Fed. R. Civ. P. 62(a) — reportedly on the order of Intervenor Banque de la Republique d Haiti — by releasing the $29,290,086.91 under attachment pursuant to the supplemental PMAG issued by Your Honor in this action. Under Fed. R. Civ. P. 62(a), Citibank was required to continue to restrain the attached funds until October 4, 2021. We urgently request a pre-motion conference to address PRH's filing of a motion for an Order directing Intervenor Banque de la Republique d Haiti to re-deposit the funds with Citibank.

      Rule 62(a) postpones the enforcement of a Court's judgment for thirty-days from the date of entry. An order vacating a maritime attachment constitutes a judgment. *Status Int'l S.A. v. M&D Mar.*, 97 Civ. 9313 (SAS), 1998 U.S. Dist. LEXIS 2825, at *6-7 (S.D.N.Y. Mar. 11, 1998) citing *Afcodian (International) Ltd. v. Brompton Air Servs. Div. of African-American Trade Corp.*, 753 F.2d 176 (1st Cir. 1985) (Breyer, J.) (release of attached funds seven days after court dissolved the attachment was unlawful; pursuant to Rule 62(a), the attachment remained in effect). Consequently, Rule 62(a) automatically stays the execution of such an order for thirty days after its entry.

      The policy behind Rule 62's application to a Rule B action was set forth in *Status Int'l S.A.,* 1998 U.S. Dist. LEXIS 2825, at *9, which provides:



1271 Avenue of the Americas | New York, NY 10020
blankrome.com

The caselaw applying 28 U.S.C. § 1291 to orders vacating maritime attachments provides further insight into the proper interpretation of Rule E(5)(c). In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949), the Court held that a limited class of orders are immediately appealable because they 'finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' This doctrine is not an exception to § 1291, but rather "a practical construction" of the statute. *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 128 L. Ed. 2d 842, 114 S. Ct. 1992 (1994); 19 *Moore's Federal Practice* § 202.07 (3d ed. 1997). Applying *Cohen*, the Court in *Swift & Co. Packers*, 339 U.S. at 689, **construed the language of § 1291 as permitting an immediate appeal from an order vacating a maritime attachment because "appellate review of the order . . . at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible."** . . . To avoid transforming appellate review of dissolution orders into the "empty rite" that the *Swift* Court's interpretation of §1291 sought to avoid, Rule E(5)(c) cannot displace the [30] day stay imposed by Rule 62(a).

Here, PRH respectfully has filed a motion to reconsider the Court's September 3, 2021 Order and, if necessary, intends to file an appeal to the Second Circuit.

For the reasons set forth above, Garnishee Citibank N.A. and Intervenor Banque de la Republique d Haiti have violated Fed. R. Civ. P. 62(a) by releasing/ordering the release of the attached funds prior to October 4, 2021. Because there has not been a final decision on the status of the Rule B attachment, PRH will suffer irreparable harm and prejudice if Intervenor Banque de la Republique d Haiti is not ordered to re-deposit the funds with Citibank until a final decision has been rendered.

Respectfully submitted,

William R. Bennett, III

cc: All Counsel of Record by ECF

160579.06504/126746620v.1