

1271 Avenue of the Americas | New York, NY 10020

*Direct Dial:* (212) 885-5152
*Facsimile:* (917) 332-3858
*Email:* William.Bennett@blankrome.com

January 10, 2022

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: **Preble-Rish Haiti, S.A. v. Bureau de Monetisation de Programmes d'Aide au Developpement, et ano**
> Case Nos.: 1:21-cv-09040 (PKC) (Rule B – Natixis)
> 1:21-cv-04960 (PKC)(Rule B – Citibank)
> <u>1:21-cv-06704 (PKC)(Petition Confirm Arbitration Award)</u>

Dear Judge Castel:

    We represent Preble-Rish Haiti, S.A. ("PRH") in the above referenced proceedings and refer to the Statement of Garnishee Natixis, New York Branch filed at ECF 33 in matter 21-cv-09040 (the "Statement"). PRH writes to respectfully request leave to conduct limited discovery focused on the documents and information referred to and relied upon by Natixis in the Statement. In particular, PRH requests leave to serve Natixis with a demand for documents and a notice of deposition for a corporate representative with knowledge of the facts set forth in the Statement. And, thereafter an opportunity to respond to the Statement.

    As fully set forth in PRH's Amended Complaint, defendant Bureau De Monétisation De Programmes D'aide Au Développement's ("BMPAD") breached multiple contracts for the provision of fuel to Haiti by sea. As a result of BMPAD's contractual breach and tortious conduct, PRH has suffered damages (which continue to accrue) in excess of $30,000,000. As previously advised, a New York-based international arbitration panel issued a Partial Final Award on August 6, 2021, awarding PRH security in excess of $23 million because PRH established a likelihood of success on the merits. PRH's Petition to confirm that award is the subject of matter 21-cv-6704.

    Remarkably, Natixis joins BB Energy as another non-party Garnishee offering direct assistance to BMPAD to shield BMPAD from PRH's efforts to enforce the Partial Final Award and secure its claims. For the following reasons, Natixis' Statement cannot withstand scrutiny and discovery is warranted.

    First, and most troubling, is Natixis' admission in footnote 2 that it "does not have any information as to the details of the trades between BB Energy and BMPAD in November 2021, since it was not the financing bank for these transactions." If Natixis was unaware of the

# BLANKROME

Hon. P. Kevin Castel
Jnauary 10, 2022
Page 2

contractual agreement between BB Energy and BMPAD then it, as Garnishee, was in no position to determine whether funds sent from BMPAD to BB Energy's account at Natixis were for the account of BB Energy or pre-payments being held in trust until fuel was delivered to BMPAD. And, because Natixis admittedly lacks any knowledge of the transactions between BB Energy and BMPAD its Statement lacks any factual basis for Natixis to state "BB Energy does not maintain or hold assets of BMPAD in that account."

Second, Natixis states in paragraph 7 of its Statement that "invoices issued in connection with BB Energy's delivery of oil to its counterparties are *irrevocably assigned to the financing bank*." BB Energy's assignment of invoices is irrelevant. Natixis ignores, purposefully or otherwise, the difference between assigning an invoice and the rights of the assignor to possess funds. Unless Natixis is familiar with the contract between BMPAD and BB Energy and the contract between BB Energy and Société Generali - which it admits it is not, then its Statement is entirely speculative.

Third, as noted in paragraphs 18-21 of the Statement, on November 18, 2021, Natixis released the $22,155,653.00 BMPAD sent to BB Energy's account because according to Natixis, BB Energy – who to date has made great effort to frustrate PRH's efforts to recover its damages from BPMAD – "advised" the funds had "erroneously" been sent to Natixis and instructed the funds be transferred to SocGen.. Natixis dissipated the $22,155,653.00 on November 18, 2021 despite several telephone calls and emails from the undersigned on that same day advising Natixis not to release the funds.[1]

Fourth, Natixis ignores the plain language of Judge Koeltl's Order. Natixis argues, incorrectly, that "*even assuming* the Writ was validly served, *and* the funds 'belonged' to BMPAD, these after-acquired funds could not have been attached pursuant to the Writ served on Natixis almost 30 hours earlier." As Your Honor may recall, Natixis relies on a 2009 Model Order to argue their consent to supplement service was required. Natixis failed to carefully read Judge Koeltl's Order and wrongfully released funds that should have been restrained. Judge Koeltl Order was clear, stating:

> "**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), following initial service, **supplemental service is deemed to be effective and continuous for any period of time not to exceed 60 days from the date of this order**; (emphasis added)

Natixis' argument that they were required to consent to supplement service would make Judge Koeltl's Order holding that "supplemental service is deemed to be effective and continuous" superfluous and meaningless.

---

[1] BB Energy's actions must also be placed under scrutiny by the Court, which has jurisdiction over BB Energy as a result of their recent filing of an Order to Show Cause to move to intervene.

# BLANKROME

Hon. P. Kevin Castel
Jnauary 10, 2022
Page 3

      Lastly, Natixis raises five meritless affirmative defenses, specifically: (1) the Foreign Sovereign Immunities Act applies; (2) the Act of State Doctrine applies; (3) the writ was not valid; (4) the writ was barred by Your Honor's order in a related case; and, (5) the writ is barred by a discovery order issued by the 5th Circuit. First, Judge Ellison and Judge Borrok ruled BMPAD waived FSIA protection and both decisions deserve *res judicata* recognition. Second, the Act of State Doctrine does not apply to that part of PRH's claim relating to the wrongful attachment of PRH's vessel because it did not arise from an act of a state. Third, the conclusory statement by Natixis is unfounded. The factual allegations upon which the writ was based are accurate and gleaned from numerous affidavits submitted in the various related proceedings, including the arbitration where three experienced maritime commercial men determined PRH possesses a likelihood of success on the merits. Moreover, Judge Ellison previously ruled maritime jurisdiction exists over PRH's claim and his decision deserves *res judicata* recognition. And, Natixis admittedly lacks sufficient knowledge to determine whether the funds in BB Energy's account belonged to BMPAD. Fourth, Your Honor's prior Order does not bar discovery. Your Honor's prior Order referred to by Natixis addressed discovery from the central bank of Haiti, which Natixis is not. Fifth, there is no stay of discovery in the action before Judge Ellison. In fact, Judge Ellison ordered BB Energy to respond to PRH document demand by January 18, 2022 and provide a corporate representative for deposition on or before January 28, 2022. See docket 21-cv-9040 at ECF 32.

      For the reasons stated above, and to provide the Court with a full record upon which to rule, PRH requests leave to serve Natixis with a document demand and deposition notice for a corporation representative related to the allegations made in the Statement.

Respectfully submitted,

William R. Bennett III

cc:    (via email)
       Daniel Gimmel, Esq.
       KANE KESSLER, P.C.

       Justin M. Heilig, Esq.
       HILL RIVKINS LLP