UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PREBLE-RISH HAITI, S.A.

                      Plaintiff,                        21-cv-4960 (PKC)
                                                                  21-cv-6704 (PKC)
                                                                  21-cv-9040 (PKC)

              -against-                                          ORDER

BUREAU DE MONÉTISATION DES
PROGRAMMES D'AIDE AU
DÉVELOPPMENT,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Preble-Rish Haiti, S.A. ("Preble-Rish") moves to compel compliance with a subpoena for the testimony at deposition of Michel Patrick Boisvert that was served upon him at Ronald Reagan Washington National Airport in Washington DC. The Republic of Haiti attaches a copy, reflecting that the subpoena was issued in 21-cv-4960(PKC) and identifies the would be deponent as "Michel Patrick Boisvert, Minister of Economy and Finance for the Republic of Haiti" and requires his attendance at the office of Preble-Rish's counsel in Washington DC. The Republic of Haiti argues that the subpoena is invalid and unenforceable.

        The purpose of the deposition, according to Preble-Rish, is to obtain "information regarding assets that could be attached to satisfy its Judgment and information to aid in the enforcement of its arbitration award. . . ." (Bennett Ltr., June 23, 2022, at 2.) In other submissions to this Court, Preble-Rish has maintained that "BMPAD did not have the autonomy to decide to enter into the Fuel Contracts and that Patrick Boisvert, acting on behalf of the

1

Ministry of Economy and Finance and representing the Republic of Haiti was the person who authorized the Fuel Contracts." (Doc 75 at 15.)   The Republic of Haiti invokes Mr. Boisvert's common law sovereign immunity as to information received or acts taken as a government official.  See, e.g. Eliahu v. Jewish Agency for Israel, 919 F.3d 709, 712-13 (2d Cir. 2019); Wultz v. Bank of China, 32 F. Supp. 3d 486, 493 (S.D.N.Y. 2014).  It is not necessary to reach the common law sovereign immunity issue and the Court denies the motion to compel on other grounds.

Rule 45(c)(1)(A), Fed. R. Civ. P.,  provides that a subpoena may command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person;"  Preble-Rish also relies on Rule 45(c)(1)(B) that provides in part that a person may be subpoenaed to appear "(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer . . . . "  The Court assumes without deciding that a government minister is an officer of the Republic of Haiti within the meaning of the rule and that the motion was filed in the proper district.

Mr. Boisvert, a citizen and full-time resident of Haiti, declares under penalty of perjury that he was appointed Minister of Economy and Finance on March 5, 2020, he does not regularly travel to Washington DC to transact business and, except for one trip in April of 2022, has not travelled to Washington DC since becoming Minister.  (Boisvert Decl. ¶¶ 4-7.)  He similarly avers that he owns no property in New York, has not travelled to New York since his appointment as Minister and does not do business with any New York entities. (Id. ¶ 9-11.)  Thus, he may not be commanded to appear in Washington DC or New York under Rule 45(c)(1).

Preble-Rish is correct that a court may modify a subpoena to minimize burden upon the deponent. But that discretion is premised upon the service of a proper subpoena under Rule 45. The principal objections to the subpoena are not to its burdensomeness but to its propriety. Even if the Court had the discretion to do so, it would decline to modify the subpoena to provide that the deposition take place in San Juan or Miami, which have not been shown to be places where Mr. Boisvert resides or does business.

The motions filed in 21-cv-4960(PKC) (Doc. 120), 21-cv-6704(PKC) (Doc. 88) and 21-cv-9040(PKC) (Doc. 62) are DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 30, 2022