UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PREBLE-RISH HAITI, S.A.,

                      Petitioner,

           -against-                                       21-cv-6704 (PKC)

                                                     ORDER

REPUBLIC OF HAITI, BUREAU DE
MONÉTISATION DES PROGRAMMES D'AIDE
AU DÉVELOPPEMENT,

                      Respondents.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        Respondent Republic of Haiti ("ROH") moves under Rule 60(b), Fed. R. Civ. P., for relief from the judgment[1] of this Court confirming the Partial Final Award of an international arbitration panel, or alternatively to amend or alter the judgment under Rule 59(e). The arbitration at issue arose out of a fuel contract dispute between ROH, and its agency Bureau de Monétisation des Programmes d'Aide au Développement ("BMPAD"), and petitioner Preble-Rish Haiti, S.A. ("PRH"). On June 29, 2023, the Court confirmed the Final Award of the arbitration panel and issued an Order to Show Cause why the motion on the Partial Final Award ought not be denied as moot. (ECF 116.)[2] Both PRH and ROH have submitted responses, and the Court concludes that the motion will be dismissed as moot.

---

[1] ROH states it is seeking relief from two judgments, both an original judgment (ECF 49.) and an amended judgment (ECF 56.). (See, e.g., ECF 121 at 1 n.1.) But, as discussed below, there is only one judgment on the Partial Final Award in effect—the Court simply ordered the clerk to amend the original judgment to add language clarifying that the original judgment was as against both BMPAD and ROH, rather than simply BMPAD. (ECF 53.)
[2] Unless otherwise indicated, ECF citations refer to Docket 21-cv-6704 (PKC).

The Court assumes familiarity with the prior filings and the Court's Orders in this matter (21-cv-6704 (PKC)) and the related matters (21-cv-4960 (PKC), 21-cv-9040 (PKC), and 22-cv-7503 (PKC)).

The underlying dispute arises out of a series of fuel contracts between PRH, a fuel supplier, and BMPAD, the Haitian agency charged with ordering petroleum products on behalf of ROH. (ECF 48 at 2.) In three separate contracts, PRH agreed to source, ship, and deliver fuel for a fee, and the terms of the contracts called for PRH to make six monthly shipments. (Id.) The first four fuel orders proceeded uneventfully, but BMPAD fell behind on payments on the fifth order. (Id.) Though payment had yet to be received, PRH continued with the sourcing and shipping process, sending reminders to BMPAD as the invoices became due and ships were loaded with BMPAD's fuel. (Id.) BMPAD acknowledged receipt of shipping documents for the Haiti-bound ships carrying the unpaid fuel and took possession of the fuel as the ships arrived in Haiti; however, payment was never sent to PRH. (Id.) Eventually, PRH halted all fuel shipments to BMPAD and alleged that BMPAD and ROH owed damages stemming from the unpaid invoices for fuel delivered, including lost profits. (Id.)

Pursuant to arbitration clauses in the contracts, PRH served a notice demanding arbitration of its claims against ROH and BMPAD on November 20, 2020. (Id. at 3.) Relevant here, the subsequently constituted arbitration panel issued a Partial Final Award on August 6, 2021, granting "PRH's motion for partial pre-award security" and directing respondents to deposit $23,043,429.79 into an escrow account. (ECF 5-1 ("Partial Final Award") ¶ 119.) The award stated that "[t]he escrow deposit shall serve solely as pre-award security for PRH's claims in this arbitration, subject to the further orders of the Panel or the United States District Court for the Southern District of New York or the courts of the state of New York." (Id.)

PRH petitioned this Court to confirm the Partial Final Award. (ECF 8.) On January 26, 2022, the Court confirmed the Partial Final Award and the Clerk entered judgment "as against BMPAD." (ECF 48, 49.) Shortly thereafter, the Court issued an Order (1) noting that in its January 26 Order, the term "BMPAD" was stated to be inclusive of both BMPAD and ROH, and (2) directing the Clerk to amend the judgment accordingly. (ECF 53.) The Clerk issued an Amended Judgment as against both ROH and BMPAD. (ECF 56.)

After the confirmation of the Partial Final Award, attorneys from the firms of Madsen Law P.C. and Schlam Stone and Dolan LLP filed notices of appearance on behalf of ROH. (ECF 58, 59, 60, & 61.) ROH then filed the instant motion for relief from judgment pursuant to Rule 60(b), Fed. R. Civ. P., or, in the alternative, to alter or amend the judgment pursuant to Rule 59(e) to remove ROH as a judgment debtor. (ECF 63.)

Concurrently, the arbitration continued to a hearing on the merits, and on August 23, 2022, the panel issued its Corrected Final Award ("Final Award"). (22-cv-7503, ECF 6-1.) The Final Award stated that "PRH is entitled to recover from Respondents ROH and BMPAD, and Respondents are jointly and severally liable for . . . $28,184,756.65." (Final Award at p. 75.) PRH thereafter petitioned this Court to confirm the Final Award. (22-cv-7503, ECF 1.) ROH moved to dismiss the petition, or alternatively to vacate the Final Award, raising similar arguments to those urged in its motion for relief from, or alternatively to amend or alter, the judgment on the Partial Final Award.

On June 29, 2023, the Court issued an Opinion and Order (1) confirming the Final Award, and (2) ordering the parties to show cause why ROH's motion regarding the Partial Final Award judgment is not now moot. (ECF 116.) Both parties have submitted responses.

PRH agrees that the motion is now moot, echoing the reasons outlined in the Order of June 29, 2023.  (ECF 120.)  In that Order, the Court reasoned that the Partial Final Award was an "interim" measure aimed to protect a potential final award, and it simply required ROH and BMPAD to place "pre-award security" in escrow.  (ECF 116 at 25.)  Now that the Final Award has been confirmed, the question of a pre-award, interim measure is no longer live.  (Id.)

The Partial Final Award was "an award of interim security."  (Partial Final Award ¶ 118.)  An "interim measure" is by its nature a "temporary" grant of relief "to preserve the status quo, help ensure the satisfaction of an eventual award, or otherwise protect the rights of one or more parties and promote the efficacy of an arbitration and the resulting award."  Restatement of the Law, The U.S. Law of International Commercial and Investor-State Arbitration § 1.1(t) (Am. L. Inst. 2023) (defining "interim measure"); accord U.N. Comm'n on Int'l Trade L., UNCITRAL Model Law on International Commercial Arbitration, art. 17(2) (1985, as amended in 2006) (defining "interim measure" as a "temporary" measure, taking "the form of an award or in another form," issued "prior to the issuance of the award by which the dispute is finally decided" and where "the arbitral tribunal orders a party to . . . [m]aintain or restore the status quo pending determination of the dispute . . . [or] [p]rovide a means of preserving assets out of which a subsequent award may be satisfied").  The Partial Final Award itself is explicit that payment was to be made to either a bank agreed upon by the parties or a "an independent escrow agent"—not PRH—and any deposited funds were to "serve solely as pre-award security for PRH's claims."  (Partial Final Award ¶ 119.)  Accordingly, the Partial Final Award judgment exists only as temporary relief to secure future payment of the Final Award,

4

and is not, as ROH suggests, a wholly separate and independent liability it will have a continuing obligation to pay.

To the extent that ROH fears it will be subject to enforcement efforts that exceed the total amount of the Final Award judgment, this fear is misplaced.  PRH concedes that the Partial Final Award judgment simply directed respondents to post security and that respondents' present obligation is to pay the damages outlined in the Final Award.  (ECF 120 at 3, 5.)  Additionally, the text of the Final Judgment on the Final Award makes clear that funds secured through the Partial Final Award—and actually paid to PRH—shall be applied toward satisfaction of that Judgment.  (22-cv-7503, ECF 58.)

In accordance with the foregoing, the motion for relief from judgment pursuant to Rule 60(b), Fed. R. Civ. P., or, in the alternative, to alter or amend the judgment pursuant to Rule 59(e) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
          July 20, 2023

5